UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Plaintiff<br><br>v.<br><br>SECURITY NATIONAL AUTOMOTIVE ACCEPTANCE COMPANY, LLC, an Ohio limited liability company,<br><br>    Defendant. | Civil Action No. 1:15-cv-401-WOB<br><br>**STIPULATED FINAL JUDGMENT AND ORDER**<br><br>Hon. William O. Bertelsman<br><br>*Electronically Filed* |

    The Consumer Financial Protection Bureau ("Bureau") commenced this civil action on June 17, 2015, to obtain injunctive and other relief from Security National Automotive Acceptance Company, LLC ("Defendant"). The Complaint alleges violations of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536.

    The parties, by and through respective counsel, agree to the entry of this Stipulated Final Judgment and Order ("Order").

    **THEREFORE, it is ORDERED:**

### **FINDINGS AND CONCLUSIONS**

    1.    This Court has jurisdiction over the parties and the subject matter of this action.

    2.    The Bureau and Defendant agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

    3.    The parties have separately agreed to and executed a stipulation and consent to the issuance of a Bureau administrative consent order relating to the same conduct described in the Complaint. Under that administrative consent order,

1

Defendant will be required to provide monetary relief to consumers and pay a civil money penalty.

4. Defendant neither admits nor denies any allegations in the Complaint, except as specifically stated in this Order. For the purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over it and the subject matter of this action.

5. Defendant waives service under Rule 4(d) of the Federal Rules of Civil Procedure, and waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant also waives any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party will bear its own costs and expenses, including without limitation attorneys' fees.

6. Entry of this Order is in the public interest.

## DEFINITIONS

7. The following definitions apply to this Order:
   a. **"Command"** means a commanding officer or chain of command.
   b. **"Defendant"** means Security National Automotive Acceptance Company, LLC and any successors or assigns.
   c. **"Effective Date"** means the date on which this Order is entered on the docket.
   d. **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his delegee.

## ORDER

**A. Conduct Relief**

8. **IT IS ORDERED THAT** Defendant and its officers, agents, servants, employees, and attorneys who have actual notice of this Order, whether acting directly or indirectly, in connection with the collection of a debt, are enjoined from:

**Third-Party Contacts**

a. contacting any person or entity other than the consumer in relation to the consumer's account for any purpose other than to ascertain the consumer's contact information; for purposes of this subparagraph:
   i. "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, administrator, the consumer's attorney, and any person the consumer expressly requests be contacted;
   ii. "contact information" means the address of the consumer's residence, the consumer's phone number at that residence, the consumer's mobile phone number, or the consumer's place of employment;
   iii. the contact must not:
      (1) disclose that the consumer owes any debt;
      (2) disclose that the communication relates to the collection of a debt; or
      (3) occur more than once to the same third party unless requested by that party or unless Defendant reasonably believes that the earlier response of that person is erroneous or incomplete and that the person now has correct or complete contact information;
   iv. Defendant may not request any contact information relating to a current or former member of the United States military the disclosure of which Defendant knows or has reason to know would violate a Department of Defense or military law, regulation, standard, instruction, or directive;

3

    v. Defendant must immediately cease any contact referenced in this subparagraph upon a consumer's written or verbal request;

    vi. Defendant must cease any communication with a consumer upon a consumer's written or verbal request, except –

        (1) to advise the consumer that Defendant's further efforts are being terminated;

        (2) to notify the consumer that Defendant may invoke specified remedies which are ordinarily invoked by debt collectors or creditors; or

        (3) where applicable, to notify the consumer that Defendant intends to invoke a specified remedy;

    vii. the limitations of this subparagraph do not apply to contacts made by order of a court of competent jurisdiction;

**Representations**

b. representing, or assisting others in representing, directly or indirectly, expressly or impliedly:

    i. that Defendant will or may contact a consumer's Command or employer about the debt or delinquency;

    ii. that Defendant will take or intends to take legal action against a consumer unless at the time it makes such a representation it intends to take such action;

    iii. that Defendant will or could commence an involuntary allotment or wage garnishment without obtaining a judgment;

    iv. that a consumer's debt, delinquency, default, or unpaid deficiency judgment constitutes or may constitute a violation of any Department of Defense or military code, regulation, standard, instruction, or directive;

     v. that a consumer's debt, delinquency, default, or unpaid deficiency judgment or failure to pay a debt or judgment will or could result in any of the following:

      (1) proceedings, discipline, or action under the Uniform Code of Military Justice;

      (2) negative impacts on a consumer's security clearance;

      (3) adverse career consequences;

      (4) a consumer's being held in contempt of court or subject to court-ordered penalties; or

      (5) all or a portion of an unpaid balance being taxed unless Defendant has satisfied the Internal Revenue Service's criteria for reporting the debt as being discharged and thereby taxable;

   c. making any false or misleading statement of material fact concerning a debt, delinquency, default, deficiency judgment, or creditor remedy.

9.   **IT IS FURTHER ORDERED THAT** within 45 days of the Effective Date, Defendant must cease using in new transactions or providing to others for use in new transactions any contract or contract addenda containing any provision purporting to authorize contacts with a consumer's Command or employer that are not in compliance with this Order.

10.   **IT IS FURTHER ORDERED THAT** if Defendant sells all or part of the debt covered by the Order, Defendant must:

   a. obtain the purchaser's express written agreement to comply with the requirements and prohibitions set forth in Section 8; and

   b. provide a copy of this Order to the purchaser.

### B. Reporting Requirements

11.   **IT IS FURTHER ORDERED** that for 5 years from the Effective Date, Defendant must notify the Bureau of any development that may affect

compliance obligations arising under this Order, including but not limited to any of the following: a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendant or a change in Defendant's name or address. Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

12. Within 7 days of the Effective Date, Defendant shall designate at least one telephone number and an email, physical, and postal address as points of contact, which Bureau representatives may use to communicate with it.

13. For 5 years from the Effective Date, Defendant shall report any change in the information required to be submitted under Paragraph 12 at least 30 days before such change; provided, however, that with respect to any proposed change about which Defendant learns less than 30 days before the date such action is to take place, it shall notify the Bureau as soon as is practicable after obtaining such knowledge.

### C. Order Distribution and Acknowledgement

14. **IT IS FURTHER ORDERED** that within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

15. Within 30 days of the Effective Date, Defendant must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, service providers, and other agents and representatives who have responsibilities related to the subject matter of this Order.

16. For 5 years from the Effective Date, Defendant must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Paragraph 11, any future board members and executive officers, as well as to any managers, employees, service providers, and other agents and representatives who

will have responsibilities related to the subject matter of this Order before they assume their responsibilities.

17. Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery from all persons receiving a copy of this Order under Paragraph 16.

### D. Recordkeeping

18. **IT IS FURTHER ORDERED** that Defendant must create and retain for at least 5 years from the Effective Date all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau.

19. Defendant must make the documents identified in Paragraph 18 available to the Bureau upon the Bureau's request.

### E. Notices

20. **IT IS FURTHER ORDERED** that unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Security National Automotive Acceptance Company, LLC*, Case No. 1:15-cv-401," and send them either:

> a. By overnight courier (not the U.S. Postal Service), as follows:
>
> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTENTION: Office of Enforcement
> 1625 Eye Street, N.W.
> Washington D.C. 20006; or
>
> b. By first class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:
>
> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTENTION: Office of Enforcement
> 1700 G Street, N.W.
> Washington D.C. 20552

**F.     Compliance Monitoring**

21.     **IT IS FURTHER ORDERED** that, for purposes of monitoring Defendant's compliance with this Order, Defendant must submit, within 30 days of receipt of a written request from the Bureau, additional compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

22.     Defendant must permit Bureau representatives to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

23.     Nothing in this Order limits the Bureau's lawful use of compulsory process under 12 U.S.C. § 5526 and 12 C.F.R. § 1080.6.

24.     Defendant agrees to be subject to the Bureau's supervisory authority under 12 U.S.C. § 5514. Consistent with 12 C.F.R. § 1091.111, Defendant may not petition for termination of supervision under 12 C.F.R. § 1091.113.

**G. Release**

25.     The Bureau releases and discharges Defendant from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. The Bureau may use the practices alleged in the Complaint in future enforcement actions against Defendant and its affiliates, including, without limitation, to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with the Order, or to seek penalties for any violations of the Order.

///

///

///

///

8

## H.     Retention of Jurisdiction

26. The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED: 10/26/2015

_____
Hon. William O. Bertelsman
United States Judge